IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**FRANK G. TREADWAY,**
**JOEY CLARK HATFIELD**
**and CHARLES W. HENSLEY,**
individually and on behalf of all others
similarly situated,
                Plaintiffs,

v.                                                   CASE NO. 5:16-cv-12149
                                                          Judge Irene Berger

**BLUESTONE COAL CORP.,**
**BLUESTONE INDUSTRIES, INC.,**
**and MECHEL BLUESTONE, INC.,**
                Defendants.

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO CERTIFY CLASS**

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'" *Wal-Mart Stores, Inc., v. Dukes,* 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)). To obtain class certification, Plaintiffs must satisfy the four requirements of Fed. R. Civ. Proc. 23(a) – numerosity, commonality, typicality, and adequacy of representation. Additionally, the case must be consistent with at least one of the types of class actions defined in Fed. R. Civ. Proc. 23(a). *See also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 606-07 (1997).

Plaintiffs bear the burden of proof of proving all requirements of Rule 23. *See Lienhart v. Dryvit Systs., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). Moreover, Plaintiffs must do so by a preponderance of the evidence. *See In re the Mills Corp. Sec. Litigation*, 257 F.R.D. 101, 104 (E.D. Va. 2009); *In re Titanium Dioxide Antitrust Litigation*, 284 F.R.D. 328, 336 (D. Md. 2012).

As the Fourth Circuit explained in *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004), district courts are not "to accept plaintiff's pleadings when assessing whether a class should be certified." Rather, "the district court must take a 'close look' at the facts relevant to the certification question and, if necessary, make specific findings on the propriety of certification." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (quoting *Gariety*, 368 F. 3d at 365). Class certification requires Plaintiffs to "affirmatively demonstrate compliance with [Rule 23] – that is, [Plaintiffs] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart,* 131 S.Ct. at 2551. To certify a class, a trial court must perform a "rigorous analysis" which establishes that the "'prerequisites of Rule 23(a) have been satisfied.'" *Id.*

Here, for the reasons set forth below, Plaintiffs have not, and cannot, meet any of the requirements of Rule 23, and, thus, this Court should deny their Motion for Class Certification.

**I.  This Court Should Deny Class Certification Because Plaintiffs' Class Definition Is Fatally-Flawed**

"The definition of the class is an essential prerequisite to maintaining a class action." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976); *see also Kirkman v. N.C. R. Co.*, 220 F.R.D. 49, 53 (M.D. N.C. 2004). "The court should not certify a class unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular member is a member." *Solo v. Bausch & Lomb, Inc.*, 2009 WL 4297706 at *4 (D. S.C. Sept. 25, 2009) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1760 (3d ed. 2005)). According to the Fourth Circuit, ""[a] class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *EQT Production Co v. Adair,* 764 F.3d 347, 2014 WL 4070457, at *7 (4th Cir. 2014); *see also* Wm. Moore et al., 5 Moore's Federal Practice § 23.21[1] (3d ed.) ("A class action is possible only

2

when the class definition provides a court with tangible and practicable standards for determining who is and who is not a member of the class."). "The plaintiffs need not be able to identify every class member at the time of certification. But if class members are impossible to identify without extensive individualized fact-finding or 'mini-trials', then a class action is inappropriate." *EQT,* 764 F.3d 347, 2014 WL 4070457, at *7. Rather, "[f]or a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria." Moore*, supra, §* 23.21[3][a]. A class "defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct…is defined too broadly to permit certification." *Messner,* 669 F.3d at 824.

Here, Plaintiffs' class definition is fraught with flaws demanding that class-certification be denied pursuant to the above-cited law. Plaintiffs tender the following class definition:

> All persons who were terminated from full-time employment, or were subject to a reduction in force as full-time employees, at the Burke Mountain Strip Mine by the Bluestone Coal Corporation, Bluestone Industries, Inc., or Mechel Bluestone, Inc. from December 27, 2011 through and March 26, 2012.

First, the definition pertains to employees who were let go during a three (3) month or ninety (90) day window when the WARN Act only pertains to a thirty (30) day window. Second, the definition includes all employees no matter how long they were employed when the WARN Act requires that those employees have been employed for a period of six (6) months within the twelve (12) months preceding their layoff. Third, the definition includes employees who do not qualify under the WARN Act because they were let go for cause or because they were later re-hired or re-assigned to another mine. In short, the definition is fatally-flawed as it is overbroad and the Court cannot determine who would be members under the definition without conducting the specific

3

"fact-finding" or "mini-trials" that the above-cited case law states makes such a class-certification improper.

Another flaw in the class definition is that it mirrors the determination that must be made by the Court under the WARN Act. Courts have referred to this as a "fail-safe" class in which "[t]he proposed class definition is in essence framed as a legal conclusion." *Indiana State Emp. Ass'n., Inc. v. Indiana State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind. 1978); *see also Likes v. DHL Express*, 288 F.R.D. 524, 531-32 (N.D. Ala. 2012).

As a district court explained concerning fail-safe classes in *Brazil v. Dell Inc., 585 F. Supp. 2d 1158 (N.D. Cal. 2008)*:

> Dell argues that these are "fail-safe" classes whose members cannot be identified unless Dell is found liable after trial.
>
> Plaintiffs will ultimately bear the burden of properly establishing a class that is "precise," "objective," and "presently ascertainable." *O'Connor v. Boeing North American, Inc., 197 F.R.D. 404, 416 (C.D. Cal. 2000)*. As alleged, the proposed classes include California persons or entities who purchased Dell computer products that "Dell falsely advertised." To determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that Dell had falsely advertised. *See, e.g., In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)* (Armstrong, J.) (the definition of a "Vacation Subclass" of people who had not received "full and complete" compensation would involve a legal determination based on the facts relevant to an individual potential class member). Thus, the proposed class cannot, as alleged, be presently ascertained.

*Brazil*, 585 F. Supp. 2d at 1167; *see also Indiana State Employees Ass'n, 78 F.R.D. at 725* ("By the way plaintiffs seek to have the class defined it would be impossible for the Court to ascertain whether or not a given person is a member of the class until a determination of ultimate liability as to that person is made.").

Here, as in the cases described above, Plaintiffs have proffered a "fail-safe class" definition. Specifically, Plaintiffs set forth a definition that includes "[a]ll persons who were **<u>terminated from full-time employment, or were subject to a reduction in force</u>** as full-time employees…from December 27, 2011 through and March 26, 2012." (Emphasis added). Thus, to determine who would be a proper class member under this definition, this Court would have to first determine that Defendants were subject to and violated the WARN Act – which cannot be determined until the very end of the case. In other words, the Court would have to first determine whether a "reduction in force" occurred pursuant to the terms of the WARN Act, and then the Court would have to determine on an individual, person-by-person basis whether the termination from employment for each person was the result of "a reduction in force" and was not the result of other reasons such as termination for cause. Likewise, the Court would also have to determine whether each individual putative class member was an employee of a company that qualifies for WARN Act liability because they employed the requisite number of full-time employees for the requisite amount of time, and the Court would have to further determine whether each member of the putative class was an employee of a single site of employment (in this case a mine) that laid off the requisite number of employees (50) under the WARN Act. Thus, for all of these reasons, Plaintiffs' proposed class as defined cannot be ascertained, and, therefore, this Motion for Class Certification should be denied.

**II. <u>Plaintiffs' Motion Must Be Denied Because They Cannot Meet Any of the Four Requirements Under Rule 23(a) for Class Certification</u>**

    **A.    <u>Plaintiffs Cannot Meet the Rule 23(a)(1) Numerosity Requirement</u>**

*Rule 23(a)(1)* provides that the class be "so numerous that joinder of all members is impracticable." *Fed. R. Civ. P. 23(a) (1)*. Numerosity requires "examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. Equal*

*Employment Opportunity Comm'n,* 446 U.S. 318, 330 (1980). "No specified number is needed to maintain a class action under *Fed. R. Civ. P. 23*; [rather], application of the rule is to be considered in light of the particular circumstances of the case . . . ." *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967).* "A conclusory allegation that the class is so numerous that joinder is impracticable is not sufficient to meet the requirements of Rule 23(a)(1)." *Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976); *see also Haley v. Medtronic, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996); *Barlow v. Marion County Hosp. Dist.*, 88 F.R.D. 619 (M.D. Fla. 1980).

Here, Plaintiffs assert that Defendants laid off approximately 105 employees who were subject to the WARN Act. But Plaintiffs do not clarify, with evidence, whether those employees were employed for six months out of twelve months prior to their termination as required under WARN, whether those employees were let go for cause (making WARN inapplicable), whether those employees were subsequently rehired (making WARN inapplicable) and whether those employees worked for a single site of employment (a mine) in which less than 50 qualifying employees were laid off as is necessary under WARN. In other words, without this information, the Court cannot determine whether the numerosity requirement is met since after all the information is put together, it may be the case that not enough of the "approximately 105" employees qualify under the WARN Act for the numerosity requirement to be met. *See, e.g., Likes*, 288 F.R.D. at 533-34. Moreover, there are a maximum of 105 employees. Even using the maximum number, it would be highly feasible for a joinder of all of the employees without a class action. Thus, the numerosity requirement has not been sufficiently satisfied, and this Court should therefore deny class certification.

### B. Plaintiffs Cannot Meet the Rule 23(a)(2) Commonality Requirement

Rule 23(a)(2) requires that there be questions of law or fact common to the class. *Fed. R. Civ. P. 23(a)(2)*; *Lienhart v. Dryvit Sys. Inc., 255 F.3d 138, 146 (4th Cir. 2001)*. The commonality requirement focuses on the claims of the class as a whole, and it "turn[s] on questions of law [or fact] applicable in the same manner to each member of the class." *Califano v. Yamasaki, 442 U.S. 682, 701 (1979)*. In *Wal-Mart v. Dukes*, the Supreme Court focused on the commonality requirement, stating that:

> The crux of this case is commonality--the rule requiring a plaintiff to show that "there are questions of law or fact common to the class." *Rule 23(a)(2)*. That language is easy to misread, since "[a]ny competently crafted class complaint literally raises common 'questions.'" Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L. Rev. 97, 131-132 (2009). For example: Do all of us plaintiffs indeed work for Wal-Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get? Reciting these questions is not sufficient to obtain class certification. Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury," *Falcon, supra, at 157, 102 S. Ct. 2364*. This does not mean merely that they have all suffered a violation of the same provision of law. Title VII, for example, can be violated in many ways--by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company. Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend upon a common contention--for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Dukes, 131 S. Ct. at 2550-51* (footnote omitted).

Here, the commonality requirement cannot be met because different outcomes are entirely possible within the putative class. For instance, some of the putative class members may be union members and some may be non-union. If that is the case, benefits would likely be different thus affecting damages they are entitled to under the WARN Act. In addition, one site of employment in which some class members worked may not qualify under WARN Act standards for relief while another mine may, thus, entitling some to relief and others to no relief. *See Likes*, 288 F.R.D. at 536 (holding that commonality requirement was not met in WARN Act case because "the nature of the contested single site of employment issue means that individualized determinations of fact would need to be decided[.]"). Thus, because the class members do not have, as set forth by the Supreme Court, a "common contention" of "such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke[ ]" the commonality requirement cannot be met, and this Court should deny class certification.

### C. <u>Plaintiffs Cannot Meet the Rule 23(a)(3) Typicality Requirement</u>

The Fourth Circuit has described the typicality requirement as follows:

> The typicality requirement goes to the heart of a representative [party's] ability to represent a class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements. The representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members. For that essential reason, plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned. But when the variation in claims strikes at the heart of the respective causes of actions, we have readily denied class certification. In the language of the Rule, therefore, the representative party may proceed to represent the class only if the plaintiff establishes that his claims or defenses are typical of the claims or defenses of the class.

8

*Deiter v. Microsoft Corp.,* 436 F.3d 461, 466-67 (4th Cir. 2006) (emphasis in original) (internal citations and quotation marks omitted). Thus, the appropriate analysis of typicality "involves[s] a comparison of the plaintiffs' claims or defenses with those of the absent class members." *Id. at 467*. "To conduct that analysis, [the district court] begin[s] with a review of the elements of [the plaintiff's] prima facie case and the facts on which the plaintiff would necessarily rely to prove it." *Id.* Then, the district court must determine "the extent to which those facts would also prove the claims of the absent class members." *Id.*

Here, for the same reasons set forth above in analyzing the lack of commonality, the atypical nature of this WARN Act case with multiple employer defendants, multiple sites of employment, and different employee statuses (e.g. union vs. non-union) typicality is also lacking. Thus, because the typicality requirement is lacking, this Court should deny class certification for this reason as well.

### D. <u>Plaintiffs Cannot Meet the Rule 23(a)(4) Adequacy of Representation Requirement</u>

The requirement for adequacy of representation necessitates that the Court be satisfied that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This standard is met if "the named plaintiff has interests common with, and not antagonistic to, the [c]lass' interests; and . . . the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation." *In re Se. Hotel Props. Ltd. P'ship Investor Litig.,* 151 F.R.D. 597, 606-07 (W.D.N.C. 1993).

Here, Plaintiffs' interests could become antagonistic to the other members of the putative class under a number of scenarios. For instance, as set forth above, there are likely to be union and non-union members in the putative class and benefits would likely be different thus affecting

damages under the WARN Act. If Plaintiffs are all union members, they could not adequately advocate effectively for the non-union class members.

**III.  This Court Should Deny Plaintiffs' Motion for Class Certification Because Plaintiffs Never Pled How the Putative Class Met the Requirements Under Rule 23(b)**

Plaintiffs bear the burden of proof of proving all requirements of Rule 23. *See Lienhart v. Dryvit Systs., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). Although Plaintiffs set forth arguments in their Motion for Class Certification that the requirements of Rule 23(a) were allegedly met, nowhere did they set forth any arguments as to how Rule 23(b) was met. Rule 23(b) states:

> (b) TYPES OF CLASS ACTIONS. **A class action may be maintained if Rule 23(a) is satisfied <u>and</u> if:**
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

According to Plaintiffs' own cited case law: "The proponent of class certification must satisfy all four of the requirements of Rule 23(a) and one of the subsections of Rule 23(b). *Brown v. Nucor Corp.*, 576 F.3d 149, 152, (4th Cir. 2009); *Thorn v. Jefferson–Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006)." Memorandum of Law In Support of Motion to Certify Class (ECF Doc. 16).

But nowhere in their Motion did Plaintiffs argue or explain how Rule 23(b)'s requirements were met. Thus, class certification should be denied for this reason as well. Moreover, Plaintiffs did not set forth which of the three types of class action into which they believed this action fit. This has left Defendants to make assumptions as to which type Plaintiffs might believe is applicable. Presumably, Plaintiffs would be seeking certification under 23(b)(3) (although Defendants are not certain because of Plaintiffs' failure to argue this Rule 23(b) requirement).

## CONCLUSION

For all of the reasons set forth above, this Court should deny Plaintiffs' Motion for Class Certification.

**Respectfully submitted,**

**BLUESTONE COAL CORP.,
BLUESTONE INDUSTRIES, INC.,
and MECHEL BLUESTONE, INC.
By Counsel**

   /s/ John F. Hussell, IV
John F. Hussell, IV - WV Bar No.  6610
Andrew L. Ellis – WV Bar No.  10618
John D. (Jody) Wooton, Jr. - WV Bar No.  10571
**WOOTON, DAVIS, HUSSELL & ELLIS, PLLC**
105 Capitol Street, Suite 300
Post Office Box 3971
Charleston, West Virginia 25339
(304) 345-0709
Fax:  (304) 345-4607
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
jody.wooton@wwdhe.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**FRANK G. TREADWAY,**
**JOEY CLARK HATFIELD**
**and CHARLES W. HENSLEY,**
**individually and on behalf of all others**
**similarly situated,**
        **Plaintiffs,**

**v.**                                                      **CASE NO. 5:16-cv-12149**

**BLUESTONE COAL CORP.,**
**BLUESTONE INDUSTRIES, INC.,**
**and MECHEL BLUESTONE, INC.,**
        **Defendants.**

## **CERTIFICATE OF SERVICE**

John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of WOOTON, DAVIS, HUSSELL & ELLIS, PLLC, hereby certify that the "**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLASS**" was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants
:

Samuel B. Petsonk, Esquire
Bren J. Pomponio, Esquire
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
*Counsel for Plaintiffs*

Done this 12th day of May, 2017.

                                                                /s/ John F. Hussell, IV
                                                                John F. Hussell, IV - WV Bar No. 6610