IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FRANK G. TREADWAY, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.   5:16-cv-12149

BLUESTONE COAL CORP., et al.,

        Defendants.

**ORDER**

The Court has reviewed the Plaintiffs' proposed *Judgment Order* (Document 47), the *Defendant's Objections to Proposed Judgment Order* (Document 52), and the Plaintiffs' *Reply to Defendants' Objections to Proposed Judgment Order* (Document 53).

The Plaintiffs propose a judgment order memorializing and formally entering judgment on the parties' settlement agreement.  The mediated settlement agreement established deadlines for installment payments, together with penalties of $1000 per day for any late payments.  The Defendants object to incorporating the penalties into the judgment order, arguing that the parties agreed to pre-judgment penalties, but not post-judgment penalties.  The Defendants argue that, following entry of the judgment order, statutory interest should replace the penalties for late payments.  They argue that the penalty is excessive and could result in a windfall for the Plaintiffs and their counsel.  The Plaintiffs contend that the agreement does not distinguish between pre- and post-judgment treatment of late payments and note that the parties have previously negotiated reductions in penalties and extensions of deadlines as a result of the Defendants' late payments.

They argue that the parties' mediated settlement agreement is an enforceable contract that should not be altered by the Court.

The Court finds that the terms of the mediated settlement agreement are enforceable and unaltered by the entry of judgment. Nothing in the parties' mediated settlement agreement limits the accrual of penalties to late payments prior to the entry of judgment. Indeed, continuing to fail to make required payments following entry of judgment may properly lead to more stringent, not less stringent, consequences. The amount of any penalties remains fully in the control of the Defendants, who can avoid additional penalties by making all payments in full within the agreed-upon time frame. Accordingly, the Court **ORDERS** that the *Defendant's Objections to Proposed Judgment Order* (Document 52) be **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 18, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA